UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMAR BROWN, on behalf of himself and all others similarly situated,

                        Plaintiff,

-v-

SHADES OF AFRIKA,

                        Defendant.

CIVIL ACTION NO.: 22 Civ. 8994 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On February 1, 2023, the Court ordered Plaintiff to show cause why its service of the Summons and Complaint on Defendant Shades of Afrika ("Shades") was proper. (ECF No. 8 (the "OTSC")). As noted in the OTSC, on December 9, 2022, Plaintiff filed an affidavit of service (the "AOS"), in which the process server ("the Process Server") attests that, on December 8, 2022, they "served the summons on Employee[] John Doe ['Doe'], who is designated by law to accept service of process on behalf of Shades[]." (ECF No. 5). The Process Server describes Doe as "a black-haired black male contact 25-35 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.[,]" and states that Doe "indicated they were the person authorized to accept." (Id.) The Court noted in the OTSC that the AOS does not reflect the address at which the Process Server allegedly delivered the summons and Complaint. (ECF No. 8 at 1).

On February 15, 2023, Plaintiff filed a response to the OTSC. (ECF No. 12 (the "Response")). Plaintiff claims that the Process Server indicated that they "merely forgot to include the service address on the original proof of service." (Id.) That same day, Plaintiff filed

an updated AOS, which reflects that the Process Server served Shades at 1001 East 4th Street Long Beach, CA 90802.  (ECF No. 11 the "Updated AOS")).

The Court finds that the Response and the Updated AOS are sufficient to establish that Shades was properly served with the Summons and Complaint.  See Fed. R. Civ. P. 4 ((e)(1) (service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"); N.Y. C.P.L.R. § 311(1) (permitting service "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service").  Here, Plaintiff has established that he served Shades by personally serving an "agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(1).  (ECF No. 11).  The Court notes that the address at which the Process Server effected service is Shades' principal address on file with the California Secretary of State.  See https://bizfileonline.sos.ca.gov/search/business.  See Krape v. PDK Labs Inc., 194 F.R.D. 82, 85 (S.D.N.Y. 1999) ("[C]ourts have held that when a process server serves someone who does not have 'express authorization to accept service' for a corporation, service is proper under N.Y.C.P.L.R. § 311 if it is 'made in a manner which, objectively viewed, is calculated to give the corporation fair notice' of the suit.") (quoting Kuhlik v. Atlantic Corp. Inc., 112 F.R.D. 146, 148 (S.D.N.Y.1986)).

Accordingly, Shades having been served with the Summons and Complaint on December 8, 2022 (see ECF No. 11), and no answer having been filed on the docket, Plaintiff is hereby ORDERED to request a Certificate of Default from the Clerk of Court by **March 13, 2023** and to file a Motion for Default Judgment in accordance with the Individual Practices of the Honorable

Jennifer H. Rearden, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55 by no later than **March 27, 2023**.

This Order resolves the OTSC.

Dated:   New York, New York
         March 6, 2023

SO ORDERED.

*Sarah Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**